UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY SAVAGE,

    Plaintiff,

vs.

QUICKEN LOANS AND AFFILIATED
COMPANIES WELFARE BENEFITS PLAN,

    Defendant.

Case No. 2:18 -cv-12075-VAR-SDD
Hon. Victoria A. Roberts

| | |
|---|---|
| GREG LIEPSHUTZ (P37573)<br>Attorney for Plaintiff<br>LEVINE BENJAMIN, P.C.<br>100 Galleria Officentre, Suite 411<br>Southfield, Michigan 48034<br>(248) 352-5700  (248) 352-1312<br>gliepshutz@levinebenjamin.com | PATRICK W. SPANGLER<br>Attorney for Defendant<br>Fabian Limon Vedder Price P.C.<br>222 North LaSalle Street<br>Chicago, IL  60601<br>(312) 609-7500<br>pspangler@vedderprice.com |

## PLAINTIFF'S MOTION TO REVERSE DEFENDANT'S ERISA DETERMINATION AND MOTION FOR SUMMARY JUDGEMENT GRANTING PLAINTIFF'S SHORT-TERM DISABILITY BENEFITS

**NOW COMES** the Plaintiff, MARY SAVAGE, by and through her attorneys, GREG M. LIEPSHUTZ and LEVINE BENJAMIN, P.C., and move this Honorable Court to reverse Defendant's arbitrary denial of benefits and grant Summary Judgment in favor of the Plaintiff for reasons more fully outlined in Plaintiff's brief.



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

**WHEREFORE**, Plaintiff respectfully requests that this Court reverse Defendants' Determination and Grant Plaintiff's Motion for Summary Judgment under Civ. Rule 56(c).

Respectfully submitted,

LEVINE BENJAMIN, P.C.

/s/ Greg M. Liepshutz (P37573)
Attorney for Plaintiff
100 Galleria Officentre, Suite 411
Southfield, MI 48034
(248) 352-5700; Fax: (248) 352-1312
gliepshutz@levinebenjamin.com

Dated: May 20, 2019



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY SAVAGE,

        Plaintiff,

vs.                                                  Case No. 2:18 -cv-12075-VAR-SDD
                                                  Hon. Victoria A. Roberts
QUICKEN LOANS AND AFFILIATED
COMPANIES WELFARE BENEFITS PLAN,

        Defendant.

---

| GREG LIEPSHUTZ (P37573) | PATRICK W. SPANGLER |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| LEVINE BENJAMIN, P.C. | Fabian Limon Vedder Price P.C. |
| 100 Galleria Officentre, Suite 411 | 222 North LaSalle Street |
| Southfield, Michigan 48034 | Chicago, IL 60601 |
| (248) 352-5700  (248) 352-1312 | (312) 609-7500 |
| gliepshutz@levinebenjamin.com | pspangler@vedderprice.com |

---

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REVERSE DEFENDANT'S ERISA DETERMINATION AND MOTION FOR SUMMARY JUDGEMENT GRANTING PLAINTIFF'S SHORT-TERM DISABILITY BENEFITS</u>**



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. iv
STATEMENT OF ISSUES ........................................................................................... v
STATEMENT OF MOST APPROPRIATE AUTHORITY ................................................ vi
INDEX OF AUTHORITIES.......................................................................................... vii
TABLE OF EXHIBITS................................................................................................ viii
I.   INTRODUCTION ............................................................................................... 1
II.  STATEMENT OF FACTS................................................................................... 1
III.  ARGUMENT ..................................................................................................... 3
   A.   Standard of Review................................................................................. 3
   B.   The Opinion of Defendant's Medical File Review Specialist Should Not Carry More Weight Than Plaintiff Savage's Treating Physician. ...................... 4
   C.   The Determination by Defendant Quicken Loans And Affiliated Companies Welfare Benefits Plan Was Arbitrary And Capricious. ............................ 6
IV. CONCLUSION.................................................................................................. 9



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

## STATEMENT OF ISSUES

Whether Defendant, QUICKEN LOANS AND AFFILIATED COMPANIES WELFARE BENEFITS PLAN, denial of Plaintiff's, MARY SAVAGE, Short-Term ERISA disability insurance benefits was arbitrary and capricious.

Defendant presumably answers, "No."

Plaintiff Answers, "Yes."

The court should answer, "Yes."



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

## STATEMENT OF MOST APPROPRIATE AUTHORITY

*Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 608-609 (6th Cir. 2009)

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101(1989)

*Koning v. United of Omaha Life Insurance Co.*, 627 Fed. Appx. 425 (2015)

*Yeager v. Reliance Standard Life Insurance Co.*, 88 F.3d 376, 381 (6th Cir.1996)

Mich. Admin. Code R. 500.2201-02 (2012)



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

# INDEX OF AUTHORITIES

### Cases

*Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 608-609 (6th Cir. 2009) ................. 4
*Black and Decker Disability Plan v. Nord*, 538 U.S. 834 (2003) ........................................ 7
*Blajei v. Sedgwick Claims Management Services, Inc.*, 721 F. Supp. 2d 606
(E.D. Mich. 2010) ............................................................................................................... 8
*Davis v. Kentucky fin. Co.'s Retirement Plan*, 887 F.2d 689, 693 (6th Circ. 1989) .......... 3
*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101(1989) ............................................. 3
*Koning v. United of Omaha Life Insurance Co.*, 627 Fed. Appx. 425 (2015) ................... 5
*Metro. Life Ins. Co. v. Conger*, 474 F.3d 258, 265 (6th Cir. 2007) .................................... 8
*Shaw v. AT&T Umbrella Benefit Plan No. 1*, 795 F.3d 538 (6th Cir. 2015) ...................... 5
*Yeager v. Reliance Standard Life Insurance Co.*, 88 F.3d 376, 381 (6th Cir.1996) ......... 3

### Statutes

29 U.S.C. § 1132(a)(1)(B) .................................................................................................. 1
Mich. Admin. Code R. 500.2201-02 (2012) ....................................................................... 3



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

## TABLE OF EXHIBIT

AR 161 (Tab 1) .......................................................................................... 1, 2
AR 156 (Tab 2) .......................................................................................... 1, 2
AR 153 (Tab 3) ............................................................................................... 2
AR 158 (Tab 4) ............................................................................................... 2
AR 141-147 (Tab 5) ....................................................................................... 2
AR 154 ((Tab 6) ............................................................................................. 2
AR 93 (Tab 7) ................................................................................................ 2
AR 104 (Tab 8) ........................................................................................... 2, 7
AR 112 (Tab 9) ............................................................................................... 2
AR 116 (Tab 10) ............................................................................................. 2
AR 66 (Tab 11) ............................................................................................... 4
AR 162 (Tab 12) ............................................................................................. 7
AR 72 (Tab 13) ............................................................................................... 7



Levine Benjamin Law Firm

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

## I.   INTRODUCTION

This ERISA action involves a claim asserted by Plaintiff Mary Savage, seeking Short-term disability benefits under a policy issued by Defendant Quicken Loans' Short-Term Disability Plan, administered by Liberty Life Assurance Company of Boston. Plaintiff asserts a claim under 29 U.S.C. § 1132(a)(1)(B) to force the Defendant to comply with ERISA and pay her the Short-Term Disability Benefits that are due.

Plaintiff has filed a Motion for Summary Judgement concerning her ERISA claim. The basis of Plaintiff's Motion is the determination by Defendants' that Ms. Savage was not eligible for Short-Term Disability Benefits because she did not meet the policy definition of "disabled."

## II.   STATEMENT OF FACTS

Plaintiff Mary Savage is a Collateral Mortgage Underwriter at Quicken Loans, Inc, and has been with Quicken Loans since May 31, 2012. **AR 161, Tab 1**. On August 22, 2016, Ms. Savage Visited Dr. Doree Ann Espiritu, MD, at Henry Ford Behavioral Services, 39450 West 12 Mile Rd, Novi, MI 48377. **AR 156, Tab 2**. During her visit, Ms. Savage reported that she believed that someone was sabotaging her work product at Quicken Loans in retaliation for contacting the corporation's Human Resources Department. *Id.* Specifically, Ms. Savage informed Quicken Loans HR that that individuals at her place of work were referring to a gay co-worker using derogatory terms. *Id.*



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

At her visit with Dr. Espiritu, Ms. Savage reported the belief that: (1) she was transferred to a new team in retaliation for contacting HR; (2) someone was altering her property appraisals, and; (3) someone hacked her email. **AR 156, Tab 2**. Consequently,

1

these beliefs led Ms. Savage to feel nervous about attending work, vulnerable and believed she needed to protect herself. Further, Ms. Savage reported crying spells, absence of appetite, and diminished sleep quality. **AR 156, Tab 2; AR 153, Tab 3**. Dr. Espiritu diagnosed Ms. Savage with adjustment disorder with mixed anxiety and depressed mood, and occupational problems, and determined that Ms. Savage needed time away from work to recover from her disabling ailments. **AR 158, Tab 4; AR 141-147, Tab 5**. Further, Dr. Espiritu reported that "at this time, [Ms. Savage is] unable to perform any [tasks] in the workplace due to fear." **AR 154, Tab 6**.

On August 24, 2016, Ms. Savage submitted a Short-Term Disability ("STD") claim to Liberty Life Assurance Company of Boston ("Liberty"), the administrator of Defendant Quicken Loans and Affiliated Companies Welfare Benefits Plan ("the Plan"). **AR 93, Tab 7**. On October 14, 2016, Liberty denied Ms. Savage's STD claim, stating that her condition failed to meet the Plan's definition of "Disability." **AR 104, Tab 8**. Then, on April 4, 2017, Ms. Savage's Lawyers filed an appeal of Liberty's denial of STD benefits. **AR 112, Tab 9**. On May 8, 2017, Liberty affirmed the denial of benefits to Ms. Savage, stating that she did not provide proof of her disability. **AR 116, Tab 10**. In affirming their denial, Liberty cited an independent file review performed by Dr. David Ray, MD. **AR 116, Tab 10; AR 161, Tab 1**. However, Liberty did not require Ms. Savage to undergo an independent physical examination.



Levine Benjamin Law Firm

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

2

### III.    ARGUMENT

####    A.    Standard of Review

ERISA does not itself set forth a standard of review applicable to an action by a participant seeking to recover benefits under an ERIA plan. However, in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101(1989), the Supreme Court held that:

> <u>a denial of benefits challenged under § 1132(a)(1)(B) is reviewed under a de novo standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan</u>.

*Bruch*, 489 U.S. at 115. <u>If a plan includes such discretionary authority, then a more deferential "arbitrary and capricious" standard applies</u>. *Yeager v. Reliance Standard Life Insurance Co.*, 88 F.3d 376, 381 (6th Cir.1996). When applying this standard of review, a court must uphold a benefit determination only when it is rational considering the plan's provisions. *Id.* at 381. The outcome is not arbitrary and capricious when it is possible to offer a reasoned explanation, based on the evidence. *Davis v. Kentucky fin. Co.'s Retirement Plan*, 887 F.2d 689, 693 (6th Circ. 1989).

However, on July 1, 2007, the Michigan Office of Financial and Insurance Services prohibited insurance policies authorizing discretionary authority provisions that would implicate an arbitrary and capricious standard of review. Mich. Admin. Code R. 500.2201-02 (2012). The code provides:

> (b) [After July 1, 2007], an insurer **shall not** issue, advertise, or deliver to any person in this state a policy, contract, rider, indorsement, certificate, or similar contract document that contains a discretionary clause. This does not apply to a contract document in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> (c) [After July 1, 2007], a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, indorsement, certificate, or similar contract document **is void and of no effect**. This does not apply to contract documents in



Levine Benjamin Law Firm

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

3

use before that date, but does apply to any such document revised in any respect on or after that date.

Mich. Admin. Code R. 500.2202. Thus, in Michigan, the code prohibits discretionary clauses in any policy, contract, rider, indorsement, certificate, or similar contract revised after July 1, 2007. *Id.* at (b),(c). The court in *Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 608-609 (6th Cir. 2009), determined that the Employee Retirement Income Security Act did not preempt R. 500.2202(b),(c).

In this case, Quicken Loans' Short-Term Disability Plan states that it is effective August 1, 2015. **AR 66, Tab 11**. Therefore, the Plan is governed by R. 500.2202, and this Honorable Court must review Ms. Savage's Claim under a de novo standard. However, even if the arbitrary and capricious standard of review is applicable, the application of that standard to the Defendant's determination denying Plaintiff Savage's claim for STD benefits mandates judgment in favor of Plaintiff. As discussed below, the conclusion reached by the Defendant that Ms. Savage did not meet the policy definition of "disabled" is unsupported by the medical evidence indicating that she was unable to perform her work duties.

  B. *The Opinion of Defendant's Medical File Review Specialist Should Not Carry More Weight Than Plaintiff Savage's Treating Physician.*

Plaintiff Savage's treating physician, Dr. Espiritu, treated Plaintiff for adjustment disorder with mixed anxiety and depressed mood, and occupational problems beginning in August of 2016. Defendant's advisor who reviewed Ms. Savage's medical records concluded that there was an absence of supporting medical evidence needed to substantiate Plaintiff's medical condition. Plaintiff points out that the medical records contained supporting medical evidence, namely, a diagnosis by a board-certified



Levine Benjamin Law Firm

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

4

medical professional whom Plaintiff visited in person. Defendant's decision to rely on the opinion of its medical file reviewer instead of Plaintiff's treating physician was arbitrary and capricious.

Defendant's determination that Ms. Savage was not "Disabled" in light of the physical examinations conducted by Dr. Espiritu, which directly state the opposite, is synonymous with *Koning v. United of Omaha Life Insurance Co.*, 627 Fed. Appx. 425 (2015). In *Koning*, the court found that the plan ignored favorable evidence submitted by the insured's treating physicians, and heavily relied on non-treating physicians in wrongfully denying the insureds claim for long-term disability benefits. Specifically, the *Koning* court determined that:

> **There is nothing inherently improper with relying on a file review, even one that disagrees with the conclusions of a treating physician. However, the failure to conduct a physical examination . . . raises questions about the thoroughness and accuracy of the benefits determination**.

In this case, Defendant disregarded the diagnosis and work restrictions from Ms. Savage's treating physician, Dr. Espiritu, and made its determination in reliance on the opinions of non-treating physicians in wrongfully denying the insured's claim for STD.

By determining that Plaintiff Savage was not "Disabled," Defendant contradicted the rule outlined in *Shaw v. AT&T Umbrella Benefit Plan No. 1*, 795 F.3d 538 (6th Cir. 2015), Op. 13 citing *Elliot v. Metro. Life Ins. Co.*, 473 F.3d 613, 620 (6th Cir. 2006), "a Plan cannot ignore favorable evidence from a treating physician but must "give reasons" for rejecting a treating physician's conclusions." Defendant failed to conduct an independent medical examination of Plaintiff and instead relied on the opinion of a medical file review specialist who concluded that Ms. Savage's diagnosis and need for time away from work was unsubstantiated. Plaintiff's attempts to remedy her condition



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

5

by taking time away from work, and the determination by her treating physician, are inconsistent with Defendant's denial of STD benefits.

### C. The Determination by Defendant Quicken Loans And Affiliated Companies Welfare Benefits Plan Was Arbitrary And Capricious.

The determination by Defendant was arbitrary and capricious because it is inconsistent with the opinions of Ms. Savage's treating physician Dr. Espiritu. Under the arbitrary and capricious standard of review, the administrator's interpretation "will not be disturbed if reasonable." *Firestone*, 489 U.S. at 114. Under this standard, a court must overturn the decision of a plan administrator if the decision is "arbitrary and capricious." *Yeager*, 88 F.3d at 381. When applying this standard of review, a court should uphold a benefit determination if it is "rational in light of the plan's provisions." *Id.* at 781. "When it is possible to offer a reasonable explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis*, 887 F.2d at 693.

Like the tens of millions of United States citizens who have a mental illness, Ms. Savage has mental illness as well. Her attempts to continue working are documented. However, Plaintiff Savage's symptoms became too much for her to overcome on her own, and she was forced to seek out a medical professional. Dr. Espiritu, in response to Ms. Savage's symptoms, diagnosed her with adjustment disorder with mixed anxiety and depressed mood, and occupational problems. In the words of Defendant's medical file review specialist:

> Separation from the workplace due to major psychiatric illness would be supported if the claimant had a severity of symptoms and an intensity of treatment that would demonstrate impairment.



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

6

**AR 162, Tab 12**. In this case, Ms. Savage's job as a collateral mortgage underwriter requires her to objectively and reasonably perform risk assessments to determine whether potential clients qualify for loans. Plaintiff suffers from nervousness, and paranoia that someone is sabotaging her work. She felt vulnerable and unprotected at work, which induced diminished sleep quality and an absence of appetite. She also suffered from random crying spells throughout the day.

Consequently, Ms. Savage's work suffered. Dr. Espiritu determined that Plaintiff Savage's mental ailments were such that she could not adequately or reasonably perform her work duties, and thus recommended she take a leave of absence to recover. The Plan states that:

> "**Disability**" or "**Disabled**" means the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Job.

**AR 104, Tab 8**. Further, the Plan states that:

> "**Material and Substantial Duties**" means responsibilities that are normally required to perform the Covered Person's Own Job and cannot be reasonably eliminated or modified.

**AR 72, Tab 13**. As shown prior, Ms. Savage was unable to complete the material and substantial duties of her employment when the Defendant denied her STD claim. Accordingly, she was "disabled" under the policy definition.

As already discussed, it is well-established law that "[Plan administrators] may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Black and Decker Disability Plan v. Nord*, 538 U.S. 834 (2003). "A plan may not reject summarily opinions of a treating physician but must give reasons for adopting an alternative opinion. *Shaw*, 795 f.3d at 538. Consistent with *Shaw* and *Black*



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

7

and *Decker*, a plan such as the current one issued by Defendant cannot refuse to credit the reliable evidence provided by Plaintiff at the request of the Defendant which establishes her as disabled.

Furthermore, Defendant relies solely on the determination of a medical file review specialist who suggested, Dr. Espiritu's physical examination of Ms. Savage, that she was not "disabled." Plaintiff points out that not only are Dr. David Ray's reports "conclusory and fail to adequately discuss, let alone rebut, the diagnosis of Plaintiff's treating physician," but said report, which Defendant relied on in making its determination, is "tainted with other indicia of unreliability," including the "logical leap" that, because Dr. Espiritu did not provide enough supporting medical evidence of Ms. Savage's condition, she was not disabled. *Blajei v. Sedgwick Claims Management Services, Inc.*, 721 F. Supp. 2d 606 (E.D. Mich. 2010).

The Sixth Circuit Court of Appeals has held that "a plan administrator acts arbitrarily and capriciously when it "engages in a selective review of the administrative record to justify a decision to terminate coverage." *Metro. Life Ins. Co. v. Conger*, 474 F.3d 258, 265 (6th Cir. 2007). Here, the plan's file reviewer, like those in *Konig*, engaged in a selective review. Defendant based its determination on that review when concluding that Plaintiff was not disabled and did so without adequate medical evidence to refute Dr. Espiritu's diagnosis. Accordingly, Plaintiff requests that this Honorable Court conclude, as many have before, that this type of review was arbitrary and capricious. Similarly, this Honorable Court must award Ms. Savage's Claim for STD benefits under 29 U.S.C. § 1132(a)(1)(B).



Law Firm
Levine Benjamin

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

## IV. CONCLUSION

**WHEREFORE,** the Plaintiff, MARY SAVAGE, prays for Judgment in her favor and against Defendant QUICKEN LOANS AND AFFILIATED COMPANIES WELFARE BENEFITS PLAN, in whatever amount she is found to be entitled, in addition to costs, interest and attorney's fees.

Respectfully submitted,

LEVINE BENJAMIN, P.C.

/s/ Greg M. Liepshutz (P37573)
Attorney for Plaintiff
100 Galleria Officentre, Suite 411
Southfield, MI 48034
(248) 352-5700; Fax: (248) 352-1312
gliepshutz@levinebenjamin.com

Dated: May 20, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Suzanne McCarrey
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, MI 48034
(248) 352-5700 / (248) 352-1312 - fax
smccarrey@levinebenjamin.com

Levine Benjamin Law Firm
100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312