UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY SAVAGE,

    Plaintiff,

v.

    Case No. 18-12075
    District Judge Victoria A. Roberts
    Mag. Stephanie Dawkins Davis

QUICKEN LOANS AND AFFILIATED
COMPANIES WELFARE BENEFITS PLAN,

    Defendant.
_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 30] AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD [ECF No. 31]

## I. INTRODUCTION

Mary Savage brings this action against Quicken Loans and Affiliated Companies Welfare Benefits Plan (the "Plan") alleging that it wrongfully denied her claim for short-term disability benefits in violation of the Employee Retirement Income Security Act ("ERISA").

The Plan moves for judgment on the administrative record; it says that its denial of Savage's claim was not arbitrary and capricious and that it properly relied on the opinion of its reviewing physician, meaning that this Court must uphold its denial of benefits.

The Court agrees with the Plan. Its motion is **GRANTED**; Savage's motion is **DENIED**.

## II. BACKGROUND

This case arises out of the Plan's denial of Savage's claim for short-term disability benefits. At all times relevant, Savage was employed by Quicken Loans as a collateral loan underwriter.

On August 24, 2016, Savage submitted a claim for short-term disability benefits. Her claim was submitted under the Plan. Under the relevant terms of the Plan, a participant must provide proof that he or she is disabled to qualify for benefits; a participant is disabled if he or she is "unable to perform the Material and Substantial duties of [his or her] own job."

The Plan also gives the Plan Administrator the authority to "interpret the provisions of the Plan and determine any question arising under the Plan, or in connection with the administration or operation thereof, including questions of fact." Notably, the Plan Administrator has "discretionary authority to interpret the provisions of the Plan and the facts and circumstances of claims for benefits, and to decide questions of fact related thereto." The Plan Administrator may also delegate its duties to "a third-party claims administrator or such other persons as the Plan Administrator deems appropriate."

The Plan delegated claim administration responsibilities to Liberty Life Assurance Company of Boston (the "Administrator"); the Plan provided that a participant must provide satisfactory proof to Liberty to be eligible for short-term disability benefits.

Savage says she suffered debilitating stress and anxiety because of an alleged workplace incident. Liberty denied both her initial claim and her appeal, stating that she failed to provide "objective medical evidence demonstrating that [she] was unable to perform the material functions of her job." Savage says that Liberty's denial was

2

arbitrary and capricious in violation of ERISA. She requests that the Court reverse the denial and grant her short-term disability benefits.

## III. STANDARD OF REVIEW

Section 502(a)(1)(B) of ERISA authorizes an individual to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In *Wilkins v. Baptist Healthcare Sys., Inc.*, the Sixth Circuit held that summary judgment is an inappropriate mechanism for ERISA claims. 150 F.3d 609, 613 (6th Cir.1998).

"As a general principle of ERISA law, federal courts review a plan administrator's denial of benefits *de novo,* 'unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *McDonald v. Western–Southern Life Ins. Co.*, 347 F.3d 161, 168–69 (6th Cir. 2003) (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir.1998)) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). When a plan administrator has discretionary authority to determine benefits, the Court will review a decision to deny benefits under "the highly deferential arbitrary and capricious standard of review." *Id.* at 169 (citing *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996)).

The plan administrator "bears the burden of proving that the arbitrary and capricious standard applies." *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, No. 06-2549, 2008 WL 782642, at *3 (W.D. Tenn. Mar. 20, 2008) (citing *Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002); *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226,

3

229-30 (2d Cir. 1995), *aff'd*, 581 F.3d 355 (6th Cir. 2009). "While 'magic words' are unnecessary to vest discretion," *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998) (en banc), the Sixth Circuit held that the plan's grant of discretionary authority must be "express." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996) (citing *Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990); *see also Brown v. AMPCO-Pittsburgh Corp.*, 876 F.2d 546, 550 (6th Cir. 1989) (requiring "a clear grant of discretion").

IV. ANALYSIS

A. **The Arbitrary and Capricious Standard Applies to the Administrator's Decision**

Savage says the Court should apply the *de novo* standard of review to the Administrator's denial of benefits; she maintains that the Michigan Administrative Code prohibits discretionary clauses in benefit plans, effectively negating the Plan's grant of discretionary authority and the potential application of the arbitrary and capricious standard.

The Plan says that Savage relies on a provision of the Michigan Administrative Code that is inapplicable; it says that the provision does not apply to self-funded disability plans.

The Court agrees with the Plan. It has asserted—and Savage fails to rebut—that the Plan is self-funded, and the provision of the Michigan Administrative Code that Savage relies on does not apply to self-funded disability plans. *See Shumpert v. Disability Benefits Program for Hourly Emps.*, No. 2:12-cv-14786, 2014 WL 1600336, at *5 (E.D. Mich. Apr. 21, 2014) ("Although prohibitive of discretionary clauses in insurance policies

4

issued after July 1, 2007, the Plan at issue in this case is self-funded by GM, and therefore outside the scope of the regulation."). Moreover, the Plan's terms clearly give the Plan Administrator discretionary authority, necessitating this Court's application of the arbitrary and capricious standard. *See Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir. 2010) ("[T]he arbitrary and capricious standard applies in this case because the policy grants the administrator 'discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims.'").

The arbitrary and capricious standard of review applies.

**B. The Administrator's Denial was not Arbitrary and Capricious**

Savage says that the Administrator's decision was arbitrary and capricious; she says the Administrator impermissibly gave the opinion of its reviewing physician more weight than that of Savage's treating physician. Savage contends that the Administrator's alleged disregard of her doctor's conclusions is an impermissible failure to credit objective medical evidence.

The Plan contends there was nothing arbitrary or capricious about decisions concerning Savage. Instead, it says the Administrator's decision was reasonable and based on the evidence, satisfying the "highly deferential" arbitrary and capricious standard of review.

The Court agrees with the Plan. The Administrator gave well-reasoned explanations for its denial—substantial evidence supports denial of Savage's claim.

The arbitrary and capricious standard is "the least demanding form of judicial review of the administrative action." *Schwalm*, 626 F.3d at 308. Under the arbitrary and

capricious standard, courts must "review the plan provisions and the record evidence and determine if the administrator's decision was 'rational.'" *Id*. (citing *Shields v. Reader's Digest Ass'n, Inc.*, 331 F.3d 536, 541 (6th Cir. 2003)). "Although the evidence may be sufficient to support a finding of disability, if there is a reasonable explanation for the administrator's decision denying benefits in light of the plan's provisions, then the decision is neither arbitrary nor capricious." *Id*. (citing *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000)). The arbitrary and capricious standard mandates that an administrator's decision be upheld if it results from "a deliberate, principled reasoning process" and is supported by "substantial evidence." *Id*. (citing *Baker v. United Mine Workers of Am. Health & Ret. Funds*, 929 F.2d 1140, 1144 (6th Cir. 1998)).

Notably, this Court's review is limited to the administrative record. "A court may consider only that evidence presented to the plan administrator at the time he or she determined the employee's eligibility in accordance with the plan's terms." *Id*. (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998)).

Savage says that the Administrator's decision was arbitrary because it impermissibly discredited the opinion and diagnosis of her treating physician, instead crediting the opinion of its file review physician; essentially, Savage maintains that her doctor's opinion was objective medical evidence that the Plan Administrator had to follow.

However, Savage ignores the fact that her doctor's conclusions were not based on objective medical testing—further, her doctor's findings were inconsistent and failed to demonstrate how Savage's condition precluded her from performing her job.

To support its denial of Savage's claim, the Plan first notes that Savage's physician, Dr. Espiritu, submitted a two-sentence letter in support of Savage's initial claim for

short-term disability benefits. After the Administrator requested supporting documentation, Dr. Espiritu submitted a Functional Status Evaluation ("FSE"); it noted that Savage had a "normal attention span," "normal recent memory," and demonstrated "sound decision making," ultimately diagnosing her with "Adjustment Disorder with Mixed Anxiety and Depressed Mood."

Based on the FSE—the only supporting documentation submitted by Savage and her physician—the Administrator's reviewing physician, Dr. Ray, found "the current record does not provide a severity of symptoms or intensity of treatment that would support the presence of a psychiatric illness that would necessitate restrictions/limitations."

Upon appeal, Savage submitted another letter from Dr. Espiritu; on March 22, 2017, Dr. Espiritu stated that Savage's "symptoms were severe enough to impair her ability to do her job . . . I therefore want to appeal your decision because [Savage's] symptoms were severe enough to justify the medical leave." However, Savage and Dr. Espiritu failed to submit any additional objective medical evidence in support of Dr. Espiritu's conclusion, and the Administrator upheld its denial based on the previously submitted FSE.

Savage now maintains that Dr. Espiritu's opinion letters were clinical documentation that the Plan was bound to follow; Savage asserts that "the determination by Defendant was arbitrary and capricious because it is inconsistent with the opinions of Ms. Savage's treating physician Dr. Espiritu." Further, Savage says that the Administrator's denial of her claim was impermissible because "the plan's file reviewer engaged in a selective

7

review when concluding that Plaintiff was not disabled and did so without adequate medical evidence to refute Dr. Espiritu's diagnosis."

Contrary to Savage's assertions, however, the Administrator's denial was rational and based on the available evidence. The Plan mandates that an individual is disabled when she is "unable to perform the Material and Substantial duties of [his or her] own job"; the Plan also gives the Administrator discretionary authority to interpret its terms, as well as the facts of a given case. The Administrator provided valid reasons to deny Savage's claim—Dr. Espiritu made a conclusory diagnosis and recommendation that were clearly inconsistent with the results of Savage's FSE, and she failed to provide any documentation to support her findings. Further, Dr. Ray reviewed Savage's file and found that it lacked evidence supporting functional impairment, as required by the Plan's plain language.

Under the "highly deferential" arbitrary and capricious standard of review, this Court finds that the Administrator's denial was rational and supported by substantial evidence; Savage failed to show that she could not perform the "material and substantial duties of her job." *See Wyss v. Kemper Emp'rs Ins. Co.*, 2006 WL 2594861, at *8 (E.D. Mich. Sept. 8, 2006) ("[I]t is not enough that [a participant] produce evidence, whether in the form of treating physician records or otherwise, that she suffered from one or more recognized medical conditions. Rather, she must produce evidence that these conditions rendered her 'disabled' within the meaning of the [p]lan by precluding her from performing the essential functions of her job.").

V. **CONCLUSION**

Because the Administrator provided a "reasonable explanation" for its decision to deny Savage's claim for short term disability benefits—Savage ultimately failed to provide evidence that she was precluded from performing the "material and substantial duties" of her job—this Court finds that the Adminstrator's decision was not arbitrary and capricious.

Quicken Loans' motion for judgment on the administrative record is **GRANTED**; Savage's motion for summary judgment is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 20, 2019